Affirmed and Memorandum Opinion filed October 28, 2003













Affirmed and
Memorandum Opinion filed October 28, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-01338-CR

_______________

 

WALTER ALFONSO
ROBLES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 878,212

_____________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Walter Alfonso Robles appeals a
conviction for aggravated sexual assault[1] on the
grounds that: (1) the trial court erroneously remarked that appellant had to
remain in custody while everyone else was free to leave the courtroom; and (2)
the prosecutor made an improper jury argument. 
We affirm.

 

 class=Section2>

            Appellant’s first issue argues that
the trial court infringed on his presumption of innocence by allegedly
remarking, at the close of the first day of trial and in the presence of
several jurors, that appellant had to remain in custody while everyone else was
free to leave the courtroom.  Appellant
claims that so informing the jurors that he was in custody was the equivalent
of parading him in shackles before the jury.

            However, appellant has cited no
authority suggesting that such a comment, if made, infringed on his presumption
of innocence.  In addition, there is no
reporter’s record of the judge making any such comment; the trial judge denied
ever doing so; both bailiffs denied hearing the judge make the alleged comment;
and one of the prosecutors recalled the judge stating only: “Mr. Robles, you
must stay here.”  Lastly, appellant
waived this complaint by subsequently testifying himself that he had been in
custody since his arrest.  Because the
alleged remark was therefore not shown to have been improper or made, or the
complaint preserved, appellant’s first issue is overruled.

            Appellant’s second issue contends
that the prosecutor improperly invited the jury to convict him because his
co-defendants had already pled guilty to the offense by arguing: “Well, you
know what about the DNA?  Miguel Bolainez pled guilty to the offense.  Saul Alvarez pled guilty to the offense.  Carlos Duran pled guilty to the offenses, and
guess what?  Is
there any DNA there?  No.”  However, because appellant failed to object
to this argument at trial, his complaint presents nothing for our review.  See Tex. R. App. P. 33.1(a)(1); Mathis v. State,
67 S.W.3d 926-27 (Tex. Crim. App. 2002). 
Accordingly, appellant’s second issue is overruled, and the judgment of
the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 28, 2003.

Panel
consists of Justices Hudson, Edelman, and Guzman.

Do Not
Publish — Tex. R. App.
P. 47.2(b).

 











[1]           A jury found appellant guilty, and
the trial court imposed punishment at life imprisonment.